The bond in question was assigned by the defendant to Hallcome, (421) for the purpose of being assigned by Hallcome to the plaintiff, thereby to raise money for the defendant. The note was transferred accordingly for $900, and $600 only was loaned to Armstrong. I say it was loaned, because the plaintiff had taken the defendant's obligation or indorsement to return it, and I must say the contract was usurious, because a greater premium than 6 per cent per annum was reserved for the use of it. This appears to me to be the common case of usury. Hallcome had no interest whatever in the transaction. The contract really was between Ruffin and Armstrong; the one loaned the money, the other received it and made his indorsement to secure and repay it. But it has been argued that, as Hallcome declared to Ruffin that he was the real proprietor of the note, and as he did so in consequence of a fraudulent combination and agreement of Armstrong and himself, entered into for that purpose, Ruffin should be considered a fair purchaser of the note from Hallcome, and, let the contract between the plaintiff and Hallcome be what it may, Armstrong should not be considered as a party to it, but bound to pay the full *Page 234 
amount of the note to the plaintiff, because there was no usurious contract between Armstrong and Hallcome.
Whether the assignee of a bond upon a usurious consideration can recover against the obligor when the bond was given upon no illegal consideration, this case does not make it necessary to decide, because this is not that case. Armstrong never was indebted to Hallcome. Of course Hallcome never could have brought suit against him and recovered. Armstrong became debtor to Ruffin in the first instance. No doubt Hallcome deceived Ruffin when he declared himself to be the owner of the note, but his declaration to that effect did not make him the owner; facts were not thereby altered. All that Hallcome did was to make an assignment to Ruffin to enable him to sue Armstrong, to whom the money was in fact loaned. That assignment completed (422) the first contract that was made between those three persons. I therefore think the rule for a new trial must be discharged.
HENDERSON, J., concurred.
PER CURIAM. No error.
Cited: Collier v. Nevill, 14 N.C. 34; Jones v. Cannady, 15 N.C. 88;McElwee v. Collins, 20 N.C. 351; Long v. Gantley, ib., 460; Ward v. Sugg,113 N.C. 490, 496.